## BOSTON *v*. STATE OF INDIANA.

[No. 13,630.   Filed May 14, 1929.   Rehearing denied August 1, 1929.]

584

*W. D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

ENLOE, C. J.—It appears from the record herein that on September 9, 1926, the officers, acting under a search warrant, searched the premises of appellant, 111 Fulton avenue, in the city of Evansville, Indiana; that they then and there found a considerable quantity of alcohol, some white whisky, and also some wine. These liquors were concealed beneath the floor, and behind the wainscoting. On September 11, 1926, an affidavit was filed in the Vanderburgh Circuit Court charging the appellant with the unlawful possession of intoxicating liquors; he was arrested and gave bond to answer the said charge. On September 30, 1926, the appellant appeared in court, in person and by attorney, entered his plea of not guilty, and the cause was then set for trial on November 15, 1926. It also appears that appellant was present when said search was made and said liquors found and seized, and that at all times thereafter he had full knowledge of the facts involved therein. Prior to the trial upon the merits, the appellant filed no motion to suppress and took no steps in that behalf. On November 15, 1926, pursuant to the setting in that behalf, as above noted, this case was called for trial and the hearing of evidence upon the merits begun. One of the witnesses for the State had testified as to his acquaintance with the appellant, the location and character of the premises, the possession of the premises by appellant, that he had made and filed with the justice of the peace an affidavit for a

search warrant for said premises, that such search warrant had been issued by the justice, that he had assisted in a search of the office of said justice for said papers, and that they could not be found. The justice who issued the warrant was then called as a witness and testified that he had searched his office for said affidavit and search warrant, but could not find them, though he had made a diligent search. The first witness, one of the officers who made the search, was then recalled, and testified that he, with other officers, went to the premises described with the search warrant and searched the said premises; that appellant was not there when they entered the house, but came in shortly afterwards; that the appellant, after he came in the house, said to the witness that his mother was sick, that there wasn't anything there, and that it wasn't any use to go ahead and search; that he, the officer, went ahead with the search and "found it." He was then asked: "What did you find?" To this question, the appellant, by counsel, objected, because of the alleged invalidity of the search warrant. This objection was overruled, exception saved, and the witness permitted to answer. The witness then told in detail as to the intoxicating liquor found. Exhibits Nos. 1, 2, 3, 4, 5, 6 and 7, being articles seized in said search, and being intoxicating liquors, were then offered, and, over the objection of appellant, were received in evidence. The appellant's objection was in detail and was based upon the alleged invalidity of said search warrant.

On the authority of *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439, we hold that the court did not err in the said rulings of which complaint is made. The decision is sustained by sufficient evidence and is not contrary to law.

Affirmed.